## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

**SHELBEY THOMAS CLARK**                                          **CIVIL ACTION**

**VERSUS**

**CROWN EQUIPMENT**                                              **No. 07-970-C-M2**
**CORPORATION**

## RULING & ORDER

This matter is before the Court on the Motion to Compel Responses to Crown Equipment Corporation's First Set of Interrogatories and First Set of Requests for Production of Documents (R. Doc. 8) filed by defendant, Crown Equipment Corporation ("Crown").  Plaintiff, Shelbey Thomas Clark ("Clark"), has not filed an opposition to this motion.

## FACTS & PROCEDURAL BACKGROUND

Clark filed this suit against Crown on November 13, 2007, alleging that she was injured while operating an electric jack in the course and scope of her employment with Wal-Mart on O'Neal Lane in Baton Rouge.  Crown removed Clark's suit to this Court on December 26, 2007.  On June 5, 2008, Crown served interrogatories and requests for production of documents upon Clark.  When Clark did not produce responses to such discovery requests within the time allowed by law, Crown's counsel sent a letter to plaintiff's counsel on July 24, 2008, advising that Clark would be allowed an extension to July 31, 2008 within which to produce responses, and if she failed to do so, Crown would file a motion to compel.  According to Crown's motion, on or about July 30, 2008, an employee of plaintiff's counsel's office contacted defense counsel and requested an informal

1

extension until August 8, 2008 to answer Crown's discovery requests.  Such employee advised that Clark's responses to Crown's discovery requests would be received by defense counsel before the close of business on Friday, August 8, 2008.  Based upon that representation, defense counsel agreed to the August 8th extension; however, by the close of business on August 8th, Crown still had not received Clark's discovery responses.  Crown therefore filed the present motion, seeking complete responses to its interrogatories and requests for production as well as payment of the reasonable expenses, including attorney's fees, that it incurred in bringing the present motion.

## LAW & ANALYSIS

Local Rule 7.5M of the Middle District of Louisiana requires that memoranda in opposition to a motion be filed within twenty (20) days after service of the motion.  The rule specifically provides:

> LR7.5M          Response and Memorandum
>
> Each respondent opposing a motion shall file a response, including opposing affidavits, memorandum, and such supporting documents as are then available, within 20 days after service of the motion.  Memoranda shall contain a concise statement of the reasons in opposition to the motion, and a citation of authorities upon which the respondent relies.  For good cause appearing therefor, a respondent may be required to file a response and supporting documents, including memoranda, within such shorter or longer period of time as the court may order, upon written ex parte motion served on all parties.

The present motion was filed on August 12, 2008, and the Court's electronic filing system indicates that notice of the filing of such motion was served upon Clark's counsel electronically on that same date at 4:21 p.m. CDT.  More than twenty (20) days have

elapsed since the service of the motion,[1] and Clark has failed to file any opposition.  The motion is therefore deemed unopposed.

In addition to being unopposed, because Clark has failed to submit any responses or objections to Crown's discovery requests even as of this date, the Court finds that this motion has merit.   Pursuant to Fed. R. Civ. P. 33 and 34, a party upon whom interrogatories and requests for production of documents have been served shall serve a copy of the answers, and objections if any, to such discovery requests within thirty (30) days after the service of the requests.  Fed. R. Civ. P. 33 and 34.  A shorter or longer time may be directed by court order or agreed to in writing by the parties.  *Id.*

Because Clark neither submitted written responses or objections to Crown's discovery requests within thirty (30) days after they were served nor obtained a court order or a written agreement from Crown extending the time period within which to respond, Crown's motion to compel will be granted.   Clark will be ordered to submit complete responses to Crown's interrogatories and requests for production within twenty (20) days of this Order and to pay the reasonable attorney's fees and expenses that Crown incurred in bringing the present motion.

Accordingly;

**IT IS ORDERED** that the Motion to Compel Responses to Crown Equipment Corporation's First Set of Interrogatories and First Set of Requests for Production of

---

[1] Although Fed. R. Civ. P. 6(d) provides that a party is allowed three (3) days in addition to the time period allowed for a response to an electronically-filed motion, that additional three (3) day time period has also passed without Clark filing any opposition to Crown's motion.  Furthermore, any extension of the time period for filing a response granted as a result of Hurricane Gustav's impact upon Louisiana has also expired.

Documents (R. Doc. 8) filed by defendant, Crown Equipment Corporation, is hereby **GRANTED**, and that plaintiff, Shelbey Thomas Clark, is to provide complete responses to Crown's First Set of Interrogatories and Requests for Production of Documents within twenty (20) days of the date of this Order.

**IT IS FURTHER ORDERED** that Crown is entitled to an award of attorney's fees and expenses associated with the preparation and filing of this motion to compel and that, in connection with that award, the parties are to do the following:

(1)   If the parties agree to the amount of attorney's fees and expenses, Clark shall pay that amount;

(2)   If the parties do not agree to the amount, Crown shall, within twenty (20) days of the date this Order is signed, submit to the Court a report setting forth the amount of expenses and attorney's fees incurred in obtaining this Order; and

(3)   Clark shall have ten (10) days after the filing of Crown's report to file an opposition.

Signed in chambers in Baton Rouge, Louisiana, September 15, 2008.

_____

**MAGISTRATE JUDGE CHRISTINE NOLAND**

4